IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § § § | Criminal Action No. 3:21-CR-429-E |
| JABSIE DWAYNE LEWIS | | |

### FINDINGS, CONCLUSION AND RECOMMENDATION

By electronic order of reference dated October 23, 2023 (doc. 47), before the Court is *Defendant's Amended Unopposed Motion to Modify and Terminate Supervision*, filed October 20, 2023 (doc. 46). The defendant appeared in person and through counsel for a hearing on November 2, 2023. After consideration of the filings, evidence, testimony, oral argument, and applicable law, the defendant's motion for early termination should be **DENIED**, but his alternative motion to remove the location monitoring and home confinement conditions should be **GRANTED IN PART**.

### I. BACKGROUND

Jabsie Dwayne Lewis (Defendant) was charged by indictment filed in the District of New Mexico on January 10, 2008, with being a felon in possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), possession with intent to distribute 5 grams or more of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), and carrying and possessing a firearm in relation to and in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924©. (*See* doc. 2 at 4, 17-19.)[1] He pleaded guilty to a superseding information charging him with possession with intent to distribute 5 grams or more of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), and by judgment dated April 13, 2010, he was sentenced to 188 months of imprisonment, to be followed by a eight-year term of supervised release. (*See id.* at 20-26.) He

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

began his supervised release in the Northern District of Texas on April 23, 2021, and jurisdiction was transferred to that district by order dated August 26, 2021. (*See* doc. 1.)

On October 29, 2021, the supervising United States Probation Officer (USPO) submitted a *Request for Modifying the Conditions or Term of Supervision With Consent of the Person Under Supervision* (Request) alleging that Defendant had violated his conditions of release by leaving the judicial district without the permission of the court or probation officer. (*See* doc. 4.) It requested that he be required to participate in the Location Monitoring Program for 60 days and that he be continuously restricted to his place of residence except for authorized absences approved in advance by the USPO for employment, religious services, medical care, education and training programs, and other activities. (*See id.*) Defendant agreed to the proposed modification, and on November 1, 2021, his conditions of release were modified consistent with the request. (*See id.*)

On March 8, 2022, the USPO submitted a *Petition for Person Under Supervision* (Petition) alleging that Defendant had violated his conditions of release by leaving the judicial district without the permission of the court or probation officer and traveling to the Western District of Texas and by failing to attend mental health treatment. (*See* doc. 5.) The USPO submitted an *Addendum to Petition for Person Under Supervision* (Addendum) on May 16, 2022, which alleged that Defendant had violated his conditions of release by again leaving the judicial district and traveling to the District of New Mexico without permission in March 2022. (*See* doc. 15.) At a revocation hearing on July 25, 2022, Defendant pleaded true to the allegation in the Petition that he had left the district without permission, his supervised release was revoked, and he was sentenced to imprisonment for a term of 12 months and 1 day, to be followed by a five-year term of supervised release. (*See* docs. 26-28.) His term of supervised release included a special condition that he "reside in the residential re-entry center and successfully participate in the residential re-entry center program located at the Volunteers of

America [(VOA)] ... for a period of no more than 180 days, to be released at the direction of the probation officer." (*See* doc. 28 at 5.) He was also required to "participate in the Location Monitoring Program for a period of 365 consecutive days", during which he was "continuously restricted to his place of residence except for authorized absences approved in advance by his [USPO]." (*Id.*) The USPO was authorized to "approve absences for gainful employment, religious services, medical care, education and training programs, and other activities." (*Id.*) Defendant appealed the judgment revoking his supervised release, and it was affirmed on April 18, 2023. (*See* docs. 30, 39, 40.)

Defendant began his post-revocation five-year term of supervised release on April 7, 2023. (*See* doc. 46 at 2.) He was deemed ineligible for services through the VOA and therefore did not reside in a residential re-entry center before his release. (*See id.*) On October 20, 2023, he moved for early termination of his supervised release, and in the alternative, for modification of his conditions to remove the home confinement and location monitoring requirements. (*See id.* at 1.) He contends that he has had no violations during the six months since his release from custody, he has maintained sobriety and complied with his conditions of release, and he is currently enrolled full-time at Navarro College. (*See id.* at 2-4.) He also contends that his home confinement condition does not allow him to go out and purchase food or household necessities, do laundry, or seek better housing for his himself and his partner, her mother, her grandfather, and six children. (*See id.* at 1.) The motion is unopposed by the government. (*See id.* at 1, 6.)

According to a *Post Conviction Status Report to the Court* (Status Report) dated November 1, 2023, Defendant failed to adhere to his location monitoring schedule on a few occasions by making unauthorized stops without permission of the USPO. The non-compliance was addressed through verbal reprimands and reminders of the importance of complying with the conditions of release.

At a hearing on November 2, 2023, the USPO testified that Defendant has not been completely

compliant with his conditions of release, although the issues were resolved. The USPO was able to see where the unauthorized stops were made, the stops were usually along the way home, and they included stops for gas. He did not think the home confinement and location monitor were necessary to keep Defendant "in line", but Defendant's past record of traveling outside of the district without permission did give him pause. He also testified that the current conditions of release allowed Defendant to request permission for other activities, like grocery shopping and laundry.  Defendant and the government both noted that because of the change in the sentencing guidelines after his conviction, Defendant had served more time for his offense than similarly situated persons who were sentenced after those changes.

### III.  § 3583(e)(1)

As noted, Defendant seeks early termination of his five-year term of supervised release, and in the alternative, removal of the requirements for home confinement and location monitoring**.**

A.  **Early Termination of Supervision**

Section § 3583(e)(1) of Title 18 provides that a court may, after considering several factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see also United States v. Johnson*, 529 U.S. 53, 60 (2000). Section 3583(e)(1) "confers broad discretion" on the district court. *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

Here, Defendant began his current post-revocation five-year term of supervised release on April 7, 2023. Because one year of supervised release has not expired, he has not met the one-year

eligibility requirement in § 3583(e)(1) for early termination. Although he argued that his prior term of supervised release should be counted toward the requirement of one year term, he provided no legal authority to support his position, and none was independently located. *Compare United States v. Seymore*, No. CR 07-358, 2023 WL 3976200, at *1 (E.D. La. June 13, 2023) ("[a] district court may terminate a term of supervised release at any time after one year of *the* term has been served ...") (*emphasis added*); *United States v. Knepper*, CR. No. 05-00191 JMS, 2016 WL 3264239, at *3 (D. Haw. June 14, 2016) (noting that "at a minimum, to qualify for early termination, Defendant must have served at least one year of a current term of supervised release and be in substantial compliance with the terms of *that* supervised release" ) (*emphasis added*)(citing *United States v. Seger*, 557 F. App'x 1 (1st Cir. 2014) (noting that the defendant had satisfied the first two prongs of § 3583(e)(1) by having served more than 12 months of his supervised release term and complying with his conditions of release). For these reasons, the motion for early termination of supervised release should be denied.

**B.   Location Monitoring and Home Confinement**

In the alternative, Defendant seeks early removal of the home confinement and location monitoring conditions.

Section § 3583(e)(2) provides that a court

> may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision.

18 U.S.C. § 3583(e)(2).

Defendant's current conditions of release permit him to request authorization from the USPO to engage in the activities and errands he wishes to perform for his family. He did not adequately

5

explain why he could not seek approval in advance for these activities. In light of his prior violations of leaving the district without permission, and failure to adhere to the location monitoring conditions during this term of supervised release, complete removal of the home confinement and location monitoring conditions does not appear warranted at this time. The home confinement condition should be modified to place him on a curfew set by his USPO, however. After a period of 60 days on a curfew, if Defendant has fully complied with his conditions and the USPO deems it appropriate, then the USPO may petition for removal of the curfew and/or location monitoring conditions.

## IV.  RECOMMENDATION

Defendant's motion for early termination should be **DENIED**, but his alternative motion to remove location monitoring and lift home confinement should be **GRANTED IN PART**. The home confinement condition should be modified to place him on a curfew set by his USPO, however. After a period of 60 days on a curfew, if Defendant has fully complied with his conditions and the USPO deems it appropriate, then the USPO may petition for removal of the curfew and/or location monitoring conditions.

**SO RECOMMENDED on this 17th day of November, 2023.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                     _____
                      IRMA CARRILLO RAMIREZ
                      UNITED STATES MAGISTRATE JUDGE